UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


DAVID R. MAYNE                                                          CIVIL ACTION

VERSUS                                                                  NO. 07-4210

OMEGA PROTEIN INC., ET AL.                                              SECTION "L" (3)


**ORDER & REASONS**

Before the Court are the Plaintiff's Motion to Strike (Rec. Doc. 44) and Motion to Expedite Hearing on the Motion to Strike (Rec. Doc. 45). For the following reasons, the Motion to Expedite IS GRANTED and the Motion to Strike IS GRANTED. In addition, the Court finds that the Plaintiff is not entitled to production of certain crewmembers' statements taken by the Defendants.

I.      **FACTUAL BACKGROUND**

This maritime case arises from an alleged accident off the coast of Louisiana on July 2, 2007 during commercial fishing operations. The Plaintiff was employed by the Defendant, Omega Protein, Inc., ("Omega") as a fisherman aboard the M/V COTE BLANCHE BAY. The Plaintiff alleges that he was attempting to winch a net of fish on board when a large metal ring attached to the net struck him in the forehead. The Plaintiff asserts claims under the Jones Act and general maritime law against both his employer and the vessel.

On December 22, 2008, the Court held a status conference with the parties to address the Defendants' Motion to Continue the Trial. The Defendants asserted that they had only recently

1

learned of additional medical information pertaining to the Plaintiff's injury, specifically that the Plaintiff was being treated by Dr. Clark A. Gunderson for neck pain. The Plaintiff opposed the Defendants' request, arguing that the Defendants had actually received notice of the Plaintiff's treatment with Dr. Gunderson long before their last-minute motion for a continuance. The Court granted the Defendants' motion and continued the trial date until February 19, 2009, for the limited purpose of permitting the Defendants to review Dr. Gunderson's report and prepare an appropriate defense, including scheduling the Plaintiff for an independent medical examination.

## II. PRESENT MOTIONS

On January 16, 2009, the Court held a status conference with the parties. At the conference, the parties raised several issues related to discovery and trial preparation. First, the Plaintiff asked the Court to strike an additional witness that the Defendants have recently suggested that they might add to their witness list. Second, the Plaintiff sought production of certain statements taken by the Defendants at the request of counsel after the inception of this litigation. Defense counsel objected to both of the Plaintiff's requests. The Court directed the parties to submit additional briefing on the issues on or before January 29, 2009. Having studied the relevant law, the briefing submitted by the parties, and the factual and procedural background of this case, the Court is now prepared to rule on the issues.

## III. LAW & ANALYSIS

### A. Motion to Strike

First, the Plaintiff seeks to strike Dr. Jeffrey Laborde, a radiologist and expert witness

offered by the Defendants, on the grounds that the addition of this new witness is untimely and the witness testimony would be cumulative. Despite the fact that the Defendants were aware that Dr. Laborde saw the Plaintiff in 2006, the Defendants did not list Dr. Laborde in any of their prior pleadings and have never indicated a desire to include Dr. Laborde as a witness until now. Indeed, when defense counsel explained the grounds for continuing the trial, counsel indicated the Defendants would need to conduct an IME of the Plaintiff but did not suggest that they would be including still more witnesses in addition to an IME physician.

Accordingly, the Court finds that permitting the Defendant to include Dr. Laborde as a witness at this late stage of the proceedings would unduly prejudice the Plaintiff and would also jeopardize the current trial date. In addition, it appears that Dr. Laborde's testimony would be cumulative to testimony offered by other witnesses for the defense. Permitting the Defendants to add an additional witness at this stage of the proceedings would prejudice the Plaintiff, who, despite objecting to the continuance, was not afforded the same privilege. As a result, the Court will strike Dr. Laborde as a witness.[1]

### B. Production of Statements

Second, the Plaintiff seeks production of certain statements taken by Omega on July 16, 2007. Specifically, the Plaintiff seeks production of statements by the crewmembers aboard the M/V COTE BLANCHE BAY, including Jerry Mock, Raymond Robertson, Ludwig Leonard,

---

[1] The Court notes, however, that to this date the Defendants have not actually sought to amend their witness list, and, as a result, Dr. Laborde is still not formally listed as a witness. To the extent that the Defendants might seek to amend to add Dr. Laborde, however, the Court will deny that request.

3

Leroy Savoy, Adolphus Foster, Ignacio Marcado, Jerry Bell, Darrell Brill, Juan Contrevas, and Jose Marquez.

As previously stated, this case arises out of an accident that occurred on July 2, 2007. On July 3, 2007, the day after the alleged accident, Omega took the statements of three persons with knowledge of the accident: Joseph Mayne, Captain Lawrence Schools, and Diego Moreno. Omega has voluntarily produced transcripts of these statements to the Plaintiff.

On July 16, 2007, three days after Omega received correspondence indicating that the Plaintiff had retained counsel and intended to file suit, Omega, in preparation for the litigation, took the statements of several additional crewmembers who had been onboard the vessel at the time of the alleged accident. Throughout the course of discovery, Omega has offered to make these crewmembers available for deposition at the Plaintiff's request. On July 9, 2008, in response to a subpoena issued by the Plaintiff, Omega asserted privileges as to the crewmembers' statements but continued to offer to schedule the crewmembers for deposition. At no time before the discovery deadline did Plaintiff's counsel attempt to schedule or conduct the depositions of the crewmembers. Further, Omega has recently agreed to produce the crewmembers in Lake Charles for depositions at the request of opposing counsel.

Under Rule 26(b)(3) of the Federal Rules of Civil Procedure, a party may discover materials prepared in anticipation of litigation by or from another party's attorney only upon a showing that "the party seeking discovery has substantial need of the materials in the preparation of the party's case and is unable without undue hardship to obtain the substantial equivalent of the materials by other means." Fed.R.Civ.P. 26(b)(3). As the party asserting the privilege, Omega has the burden of demonstrating that the materials are protected. *See Lasalle Bank N.A.*

*v. Mobile Hotel Props., LLC*, No. 03-2225, 2004 WL 1238024, at *2 (E.D. La. June 3, 2004).

In *Hamilton v. Canal Barge Co.*, the court set forth a detailed analysis for use in determining whether a party might be entitled to statements taken by opposing counsel in preparation for litigation. 395 F. Supp. 975, 977 (D.C. La. 1974). In that case, the court found that the plaintiff was entitled to statements taken by defense counsel on the day of the accident. *Id.* Relying on several studies showing that memory lapse dramatically affects the quality of an eyewitness's account of events, the court found that the plaintiffs had demonstrated a substantial need for the statements, which were taken almost contemporaneously with the accident. *Id.* (citing WRIGHT, FEDERAL COURTS (2d Ed. 1971) ("The notion that the statement taken nearest to the event will most accurately reflect the perception the witness had of the event is amply supported by psychological studies, as well as common sense. This fact lends strong support to the argument that lapse of time in itself creates necessity or justification for the production of statements taken near the time of the event.")). The court explained that, because of the natural tendency of a witness's memory to fade over time, the plaintiff could not obtain anything that would be substantially equivalent to the statements taken by defense counsel moments after the accident. *Id.* As the court in *Hamilton* explained, however, "[w]ere a statement given a week, or two weeks, after the accident at issue, the court might well require counsel to demonstrate ... that the witness was not available for deposition without undue hardship." *Id.* Further, if the court concluded that the witness were available, "the court might then require counsel to depose him and demonstrate to the court with some specificity just why they expect his statement to supply information his deposition did not." *Id.*

Turning to the instant case, the Court finds that the Plaintiff is not entitled to the

statements of Omega's crewmembers. First, it is clear that the statements were taken "in preparation for litigation"–Omega took the statements shortly after receiving a letter from the Plaintiff's attorney suggesting that the Plaintiff intended to file suit. As a result, Omega has demonstrated that the statements are protected. Second, because Omega took the crewmembers' statements two weeks after the accident–rather than immediately afterwards–the Plaintiff can likely obtain a substantial equivalent to the statements simply by taking the crewmembers' depositions. *See Hamilton,* 395 F. Supp. at 977 ("[A] statement taken a week after an accident may be much less accurate than one taken a few hours after the accident, but virtually as valuable as one taken a month afterwards."). Defense counsel has offered to make the crewmembers available for deposition in Lake Charles, so the Plaintiff cannot argue that he would suffer undue hardship to obtain the crewmembers' deposition testimony.

Accordingly, the Court finds that the Plaintiff has failed to demonstrate that he cannot obtain a substantial equivalent and therefore he is not entitled to production of the crewmembers' statements. In reaching this conclusion, however, the Court expressly reserves ruling as to the admissibility of such statements at trial. The Court merely holds that, at this time, without having taken the crewmembers' depositions and without having shown that the deposition testimony will not be substantially equivalent to the crewmembers' earlier statements, the Plaintiff is not entitled to production of the statements in discovery.

**IV. CONCLUSION**

For the reasons stated above, IT IS ORDERED that the Plaintiff's Motion to Expedite

(Rec. Doc. 45) IS GRANTED and the Plaintiff's Motion to Strike (Rec. Doc. 44) IS GRANTED. In addition, the Court finds that the Plaintiff is not entitled to production of the crewmembers' statements.

New Orleans, Louisiana, this 3rd day of February, 2009.

_____
UNITED STATES DISTRICT JUDGE